FILED
2017 Jul-14 AM 08:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JERIMIAH VANHORN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | _____ |
| ) | |
| TUSCALOOSA COUNTY ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED.** |

## COMPLAINT

**Comes now** the Plaintiff, JERIMIAH VANHORN, by and through his attorneys, and for his Complaint states as follows:

## INTRODUCTION

1. This is a civil rights action brought by Plaintiff Jerimiah Vanhorn alleging that Defendant Tuscaloosa County Commission discriminated against Plaintiff on the basis of gender, disability, and/or the perception thereof. Plaintiff suffers from a heart condition that was caused wholly or in part by on the job activity. The heart disease is considered a disability under the ADAAA and a serious health condition under FMLA. Plaintiff gave proper notice of his disability and requested to be reasonably accommodated, after

his FMLA time expired. Plaintiff requested to be in a position that involved no contact with inmates, the same position women are given when they are pregnant. Instead, he was told that mean had to be in contact positions and noncontact positions were reserved for women. He was soon after fired.

2. Plaintiff brings action against Tuscaloosa County Commission under title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.*, because Tuscaloosa County Commission discriminated against him and failed to accommodate him, in violation of the ADAAA.

## **JURISDICTION**

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4)

4. Venue is proper because a majority of the actions predicating the basis of this complaint occurred in this judicial district.

## **PARTIES**

5. The Plaintiff is a citizen of the United States and a resident of the State of Alabama. The Plaintiff submits himself to the jurisdiction of this court.

6. The Plaintiff is and, at all times relevant hereto, was an individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

7. The Plaintiff has an actual physical impairment that substantially limits one or more of his major life activities.

8. Tuscaloosa County Commission was aware of the Plaintiff's impairment.

9. The Plaintiff is, and at all times relevant, was a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8).

10. Defendant, Tuscaloosa County Commission, Tuscaloosa County Courthouse 714 Greensboro Avenue, Tuscaloosa, Alabama 35401.

11. Defendant, TUSCALOOSA COUNTY COMMISSION, is being sued as an entity subject to suit as a person under 42 U.S.C. §1983. This entity hires and employs Tuscaloosa County employees, including the personnel at the Tuscaloosa Correctional facilities.

## ADMINISTRATIVE PROCEEDINGS

12. The Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the charge encompasses all of the claims asserted in this Complaint.

13. The Plaintiff received a Notice of Right to sue 90 days prior to filing this lawsuit, and he has fulfilled all administrative prerequisites to the prosecution of his claim in this Court.

## STATEMENT OF FACTS

14. The Plaintiff began working for Tuscaloosa County Commission September 29, 2014 as a correctional officer.

15. Training took place Monday through Friday from 7:00 a.m. until 7:00 p.m. and lasted from September 29, 2014 until December 12, 2014.

16. In December 2014, during training sessions for the X-26 taser, the Plaintiff opted out of being shot with the taser because of two stents in his heart.

17. Chief Eric Bailey was informed that the Plaintiff opted out of the training session, however Chief Bailey informed the Plaintiff that his training would not be considered complete if he did not get tased.

18. The Plaintiff was tased on approximately December 12, 2014 and subsequently completed training.

19. In February, the Plaintiff injured his shoulder while performing a takedown of an inmate.

20. The Plaintiff received treatment from the county doctor and eventually returned to work even though his shoulder was injured.

21. In April 2015, an on-site nurse saw the Plaintiff. The nurse told the Plaintiff to go to the ER immediately because of his shoulder pain.

22. The hospital visit resulted in a 2- day stay for the Plaintiff.

23. The Plaintiff was also experiencing stomach pain, so he decided to take time off from work.

24. Chief Bailey did not believe the Plaintiff had any medical problems and told the Plaintiff that he could be fired because he was on probation.

25. In October 2015, during a booking, the Plaintiff assisted in taking down a particularly combative inmate, twice.

26. The Plaintiff started experiencing chest pains after taking down the aforementioned inmate.

27. The Plaintiff saw a doctor about the chest pains. The doctor told the Plaintiff he needed heart surgery because there was blockage.

28. The doctor required that if the Plaintiff returned to work that he be placed with no contact duty only.

29. Chief Bailey informed the Plaintiff that no contact duty work was not an option.

30. Chief Bailey also required the Plaintiff to go on FMLA.

31. The Plaintiff was reasonably accomodated to return to work when FMLA time had lapsed and was subsequently fired.

32. The Plaintiff asked to go on no contact duty like pregnant employees, but was denied.

33. Sgt. Strong also informed the Plaintiff that female officers were to remain at the desk and not lift male or female inmates.

## COUNT I: THE AMERICANS WITH DISABILITIES ACT and § 504 OF THE REHABILITATION ACT

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 above with the same force and effect as if fully set out in specific detail hereinbelow.

35. Plaintiff is a person with a disability, has a history of disability, and/or is regarded as disabled. *See* 42 U.S.C. § 12102.

36. Defendants are an employer in accordance with 42 U.S.C. § 12131(1). Defendants receive federal financial assistance pursuant to §504.

37. Plaintiff is a qualified individual with a disability as defined under the ADA and § 504. Furthermore, Defendants perceived Plaintiff as disabled and had a record of Plaintiff's disability.

38. Plaintiff requested reasonable accommodations as provided for by Defendants' policy and federal law.

39. Despite the request for reasonable accommodations, Plaintiff was terminated.

40. Defendant refused to make a reasonable accommodation to Plaintiff's known or perceived physical limitations, which is a violation of the ADA and § 504. Such an accommodation would not have imposed an undue hardship on the operation of the Defendant's business because female and pregnant employees are able to do "light duties".

41. Despite Plaintiff's disability, with or without reasonable accommodation, he is able to perform the essential functions of her job. Thus, Plaintiff meets the definition of a "qualified individual with a disability". *See* 42 U.S.C. § 12111 and 42 U.S.C 12131 (2).

42. In termination the Plaintiff, Defendant maliciously, intentionally, and with reckless disregard discriminated against Plaintiff due to his disability, record of disability, and/or his perceived disability; and has otherwise classified and segregated Plaintiff in a way that has that has adversely affected his job opportunities because of his disability, history of disability, and the perception of him as a person with a disability. *See* 42 U.S.C. 12112; 42 U.S.C. 12132.

43. As a proximate result, Plaintiff has suffered extreme harm including, but not limited to, loss of employment, denial of wages, compensation and other benefits and conditions of employment. Plaintiff has also suffered injury including, pain, humiliation, mental anguish and suffering.

## COUNT II- GENDER_BASED DISCRIMINATION

44. Paragraphs 1-42 are re-alleged and incorporated herein by reference.

45. The count sets forth a claim against Defendant for discrimination based upon gender brought under 42 U.S.C. § 2000(e).

46. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that the Plaintiff was treated differently than similarly situated employees of Defendant who are female, and has been subject to hostility and poor treatment on the basis, at least in part, of his gender. Female employees were given lighter duties than men.

47. Defendant is liable for the differential treatment and hostility toward Plaintiff because it controlled the actions and inactions of the persons making the decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses of the Plaintiff.

48. Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff by allowing women to have lighter duties and not allowing the Plaintiff to do the same. Defendant's knowing allowance and/or ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

49. In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

50. Defendant's conduct and omissions constituted intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000(e),

51. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses. These damages have occurred in the past, are continuing, and permanent. Plaintiff is entitled to injunctive/ equitable relief under this count.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

A. Full back pay from the date of the Plaintiff's termination, taking into account all the raises to which the Plaintiff would have been entitled but for his unlawful termination, and all fringe benefits of employment, with prejudgment interest thereon;

B.  reinstatement to Plaintiff's former position with the Defendant at the same pay grade, or in alternative, front pay to compensate Plaintiff for lost future wages, benefits and pension;

C. compensatory damages in an amount to be determined by a jury for emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

D. punitive damages against the Defendant.

E. Liquidated damages in an amount equal to Plaintiff's back pay and lost benefits;

F. attorney's fees and costs; and

G. all other and further monetary and equitable relief as this court deems just and proper.

Respectfully submitted,

**/s/ Leroy Maxwell, Jr.**
Leroy Maxwell. Jr.
Attorney for Plaintiff

**OF COUNSEL:**

**Maxwell Law Firm**
2100 First Ave No. Suite 370
Birmingham, AL. 35203
T: 205-216-3304
F: 205-409-4145
Maxwell@mxlawfirm.com

.